O’Neill, J.,
dissenting.
{¶ 83} Respectfully, I dissent. This case presents yet another example of the one-size-fits-all mentality that increasingly dictates criminal sentencing in Ohio. Judicial discretion has again been pushed aside.
{¶ 84} A well-qualified psychologist provided the only evidence in this case that remotely touches on the question of this defendant’s threat to society. He stated unequivocally that the risk of reoffending was low. Yet this 21-year-old offender will pay for his youthful indiscretion for a quarter of a century. Until he is 46 years old, Blankenship will be required to contact the sheriff in his home town every six months. If he moves, he must alert the authorities in his new town that a convicted sex criminal has moved into Pleasantville. R.C. 2950.05(A). That information will be available to the public on the Internet. R.C. 2950.081(A). In *243 this age of instant Internet chat rooms, imagine the future for his children when the mothers’ network alerts all the grade-school children to avoid anyone who lives at 123 Elm Street. These requirements fall directly within the definition of the phrase “cruel and unusual.”
{¶ 85} I believe that imposing the Tier II sex-offender/child-victim-offender classification and its attendant registration requirements upon this defendant is a punishment grossly disproportionate to his crime. The trial court followed the law as it is written, and that is the problem. When sex offenders present a real threat to the public, the law indeed deters further crime, punishes the offender, and provides information the public can use to protect itself from offenders of the worst sort. In those cases, when there is a classic sex offender, the registration process that started with Megan’s Law and continued in the Adam Walsh Act is not grossly disproportionate to the crime. However, this is not one of those cases. And yet this trial court was required to impose the penalty as prescribed. No discretion needed or permitted here.
{¶ 86} Blankenship has never been convicted of a prior felony or a crime of violence. A psychologist considered the facts of the crime, met with Blankenship multiple times, determined that Blankenship’s diagnostic tests indicated a low potential for reoffending, and he exhibited no psychopathology or sociopathy. The doctor further opined that Blankenship’s conduct was not evidence of pedophilia or hebephilia. Rather, Blankenship exhibited genuine emotions toward the juvenile. The psychologist reported to the trial court that treatment specific to sex offenders is unethical for a man like Blankenship with no disorder to treat. The doctor did recommend psychotherapy to help Blankenship to cope with and move on from the loss of the relationship with the minor female, to educate him about appropriate healthy relationships, and to address cognitive distortions he used to rationalize his conduct. Blankenship consistently expressed remorse.
{¶ 87} For offenders like Blankenship, these registration requirements guarantee only an unnecessarily long term of public humiliation. And they effectively destroy any hope of leading a successful and productive life from that point forward. This mandatory registration requirement will limit Blankenship’s employability for most jobs, will prevent him from engaging in any meaningful, productive relationship with the community around him, and will essentially label him as a pariah. He will have to lay his shame at the feet of everyone he encounters: employers, neighbors, love interests, friends, co-workers, and others. And for what? The public gains little of value to offset the unusual punishment because it is perfectly clear from this record that Blankenship was psychologically capable of learning his lesson the first time. And the record in this matter reflects that he has learned right from wrong. In that sense, the harsh *244 punishment of sharing his personal information with the world for 25 years is grossly disproportionate to the crime. The mandatory registration requirement applied here, even though consistent with mandatory Ohio law, is constitutionally prohibited as it imposes a cruel and unusual punishment.
D. Andrew Wilson, Clark County Prosecuting Attorney, and Ryan A. Saunders, Assistant Prosecuting Attorney, for appellee.
Timothy Young, Ohio Public Defender, and Katherine R. Ross-Kinzie, Assistant Public Defender, for appellant.
Ron O’Brien, Franklin County Prosecuting Attorney, and Steven L. Taylor, Chief Counsel, Appellate Division, urging affirmance for amicus curiae Franklin County Prosecuting Attorney.
Joseph T. Deters, Hamilton County Prosecuting Attorney, and Paula E. Adams, Assistant Prosecuting Attorney, urging affirmance for amicus curiae Ohio Prosecuting Attorneys Association.
Pfeifer, J. concurs in the foregoing opinion.